UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLEY O'DONNELL, | : | CIVIL NO. **4:08-CV-00136** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On January 22, 2008, the plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint. The plaintiff's first amended complaint was filed on February 14, 2008. On April 21, 2008, the plaintiff filed a second amended complaint. On April 30, 2009, the plaintiff filed a third amended complaint.

The third amended complaint names twenty three defendants. The defendants can be divided into two groups: 1)

the corrections defendants (defendants Pennsylvania Department of Corrections, Beard, Moore, Fultz, Torma, Fiske, Chamberlain, Bertone, Day, Diggan, Shepler, Nicholas and Lamas) and 2) the medical defendants (defendants Prison Health Services, Inc., Johnson, Noel, Rodriguez-Broatch, Bardell, Prophette, Reed, Fabian, Weisner and Famiglio).

The plaintiff alleges that she has been denied appropriate medical care and that her disabilities have not been accommodated. The third amended complaint contains seven counts. Counts 1, 2 and 3 are 42 U.S.C. § 1983 claims based on the Eighth Amendment. Count 4 is a medical negligence claim. Count 5 is a claim under Title II of the Americans with Disabilities Act (ADA). Counts 6 and 7 are 42 U.S.C. § 1983 claims based on the Fourteenth Amendment.

The plaintiff has withdrawn her claims against the medical defendants. *See Doc. 154.*

On June 23, 2009, the corrections defendants filed a motion to dismiss certain claims in the third amended complaint

2

and a brief in support of that motion. On October 28, 2009, the plaintiff filed a brief in opposition to the motion to dismiss. The corrections defendants have not filed a reply brief in support of their motion to dismiss.

II. Motion to Dismiss Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by

3

Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

Defendants Beard and Lamas contend that the 42 U.S.C. § 1983 claims against them should be dismissed because the plaintiff has not alleged personal involvement on their part in the alleged violations of her constitutional rights and because the plaintiff has failed to state § 1983 claims against them upon which relief can be granted. Defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas

5

contend that the ADA claim against them should be dismissed because individuals can not be sued under Title II of the ADA.

We will first address the contention that the 42 U.S.C. § 1983 claims against defendants Beard and Lamas should be dismissed.

> A. 42 U.S.C. § 1983 Claims against defendants Beard and Lamas.

Defendants Beard and Lamas contend that the 42 U.S.C. § 1983 claims against them should be dismissed because the plaintiff has not alleged personal involvement on their part in the alleged violations of her constitutional rights and because the plaintiff has failed to state § 1983 claims against them upon which relief can be granted.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

6

Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The third amended complaint identifies defendant Beard as the Secretary of the Pennsylvania Department of Corrections. *Doc. 79* at 2, ¶5(a). The factual allegations section of the third amended complaint contains only one paragraph that mentions defendant Beard. In that paragraph the plaintiff alleges that defendant Beard among others has the power to ensure that medical and prison staff are not deliberately indifferent to her serious medical needs. *Doc. 79* at 53, ¶269. These allegations fail to plausibly show that defendant Beard was personally involved in the alleged violations of the plaintiff's constitutional rights.

Accordingly, we will recommend that the 42 U.S.C. § 1983 claims for monetary damages[1] against defendant Beard be dismissed.

In addition to seeking damages from defendant Beard, the plaintiff is seeking injunctive relief in the form an order requiring defendant Beard and others to arrange for immediate appointments and transportation for the plaintiff to certain medical specialists so that she can be examined and treated by those specialists. Defendant Beard has not argued or shown that in his official capacity he would not be an appropriate or necessary party to implement injunctive relief if such relief were ordered in this case. Accordingly, we will recommend that the motion to dismiss be denied to the extent that defendant Beard is named as a defendant in his official capacity for injunctive relief.

---

[1] Although in the paragraph that identifies defendant Beard the plaintiff states that he is sued in his official capacity, the plaintiff in Counts 1 and 6 of the third amended complaint appears to be seeking compensatory damages against defendant Beard. Claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, we construe the plaintiff's claims for damages against defendant Beard to be brought against defendant Beard in his personal capacity.

The third amended complaint identifies defendant Lamas as the Superintendent of the State Correctional Institution at Muncy. *Doc. 79* at 2, ¶5(d). The factual allegations section of the third amended complaint contains four paragraphs that mention defendant Lamas. In two of those paragraphs the plaintiff alleges that she wrote requests slips to defendant Lamas but received no response. *Doc. 79* at 40, ¶222 and 51, ¶269. In another paragraph the plaintiff alleges that she filed numerous grievances concerning the alleged deliberate indifference to her serious medical need and that many of those were reviewed by defendant Lamas among others. *Doc. 79* at 53, ¶268. She alleges that those grievances provided notice to prison officials that she was not receiving medical care. *Id.* Finally, the plaintiff alleges that defendant Lamas has the power to ensure that medical and prison staff are not deliberately indifferent to her serious medical needs. *Doc. 79* at 53, ¶269.

Assuming *arguendo* that the allegations regarding defendant Lamas are sufficient to allege personal involvement on defendant Lamas' part, the third amended complaint nevertheless

9

fails to state a claim upon which relief may be granted against defendant Lamas.

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Although it is clear that the plaintiff disagrees with the medical care that she received, the third amended complaint is replete with allegations regarding the medical care that she received including being seen by various medical professionals, receiving various medications and having various tests. The allegations that the plaintiff wrote request slips and grievances to defendant Lamas regarding the care that see was receiving does

10

not plausibly allege that defendant Lamas had a reason to believe or actual knowledge that the prison medical staff was not treating or was mistreating the plaintiff. Accordingly, the third amended complaint fails to state a claim for damages against defendant Lamas upon which relief can be granted.

As with defendant Beard, however, the plaintiff is seeking injunctive relief in the form an order requiring defendant Lamas and others to arrange for immediate appointments and transportation for the plaintiff to certain medical specialists so that she can be examined and treated by those specialists. Defendant Lamas has not argued or shown that in her official capacity she would not be an appropriate or necessary party to implement injunctive relief if such relief were ordered in this case. Accordingly, we will recommend that the motion to dismiss be denied to the extent that defendant Lamas is named as a defendant in her official capacity for injunctive relief.

B. ADA claims.

Defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas contend that the ADA claims against them should be dismissed because individuals can not be sued under Title II of the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As used in Title II of the ADA, "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service Act [49 USCS § 24102(4)])." 42 U.S.C. § 12131(a). State prisons fall squarely within the statutory definition of "public entity" in Title II of the ADA. *Pennsylvania Dep't of Corrections*

12

*v. Yeskey,* 524 U.S. 206, 210 (1998). However, the plain language of § 12132 applies only to public entities not individuals. *Yeskey v. Commonwealth*, 76 F.Supp.2d 572, 575 (M.D.Pa. 1999)(holding that individuals are not liable under Title II because it prohibits discrimination in programs of a "public entity" or discrimination "by any such entity" and "public entity" is not defined in Title II to include individuals). Nevertheless, ADA claims for prospective injunctive relief against state officials in their official capacities are authorized by the *Ex parte Young* doctrine. *Koslow v. Commonwealth of PA,* 302 F.3d 161, 179 (3d Cir. 2002).

We will recommend that, to the extent that the plaintiff's ADA claims are against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas in their personal or individual capacities, those claims be dismissed. However, to the extent that the plaintiff's ADA claims are against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas in their official capacities for injunctive relief, it will be recommended that those claims not be dismissed.

13

IV. Recommendations.

Based on the foregoing, it is recommended that the corrections defendants' motion (doc. 107) to dismiss certain claims be granted in part and denied in part.  More specifically, it is recommended that the 42 U.S.C. § 1983 claims for monetary damages against defendants Beard and Lamas be dismissed but that the 42 U.S.C. § 1983 claims for injunctive against defendants Beard and Lamas in their official capacities not be dismissed. It is recommended that the ADA claims against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas in their personal or individual capacities be dismissed but that the ADA claims against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas in their official capacities for injunctive relief not be dismissed.  Finally, it is recommended that the case be remanded to the undersigned for further proceedings.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: December 31, 2009.