IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLEY O'DONNELL, | : | |
| | : | 4:08-CV-00136 |
| Plaintiff, | : | |
| v. | : | (Judge McClure) |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | (Magistrate Judge Smyser) |
| OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

February 2, 2010

**BACKGROUND:**

On January 22, 2008, pro se plaintiff Kelley O'Donnell, an inmate at the State Correctional Institution at Muncy ("SCI-Muncy") in Muncy, Pennsylvania, initiated this action by filing a complaint against nineteen (19) defendants. (Rec. Doc. No. 1). On February 14, 2008, O'Donnell filed a First Amended Complaint (Rec. Doc. No. 12) and, on April 21, 2008, she filed a Second Amended Complaint (Rec. Do. No. 21). O'Donnell filed a Third Amended Complaint on April 30, 2009. (Rec. Doc. No. 79).

In her Third Amended Complaint, O'Donnell named twenty-three (23) individuals and entities as defendants. These defendants included Jeffrey Beard, Secretary of Corrections at the Pennsylvania Department of Corrections ("DOC");

Shirley Moore, Deputy Secretary of Corrections at the DOC and former Superintendent at SCI-Muncy; Dawn Chamberlain, Superintendent at SCI-Pittsburgh and former Superintendent at SCI-Muncy; Marirosa Lamas, Superintendent at SCI-Muncy; Karen Fultz, former Deputy of Centralized Services and Facility Managment at SCI-Muncy; Joanne Torma, former Deputy of Centralized Services and Facility Managment at SCI-Muncy; Jill Shepler, Deputy of Centralized Services and former Corrections Classification Program Manager at SCI-Muncy; Wendy Nicholas, Corrections Classification Program Manager at SCI-Muncy; Joseph Bertone, Unit Manager of E Unit at SCI-Muncy; Donald Fiske, former Corrections Health Care Administrator at SCI-Muncy; Gloria Diggan, Corrections Health Care Administrator at SCI-Muncy; Nancy Day, a nurse at SCI-Muncy; and the DOC. Id. at 2-4. These defendants hereinafter will be referred to as the Corrections Defendants.

O'Donnell also named as defendants Prison Health Services, Inc. ("Prison Health Services"), a medical care provider for inmates at state institutions, including SCI-Muncy, in Pennsylvania; Jennifer Johnson, an on-site administrator for Prison Health Services; Paul Noel, the statewide medical director for Prison Health Services; and Carlos Rodriguez Broatch, Craig Bardell, Judith Prophette, Tony Reed, Andrew Fabian, Michael Weisner, and Gregory Famiglio, who were all

medical directors or doctors for either SCI-Muncy or Prison Health Services. Id. at 3-4. These defendants hereinafter will be referred to as the Medical Defendants.

There are seven counts in O'Donnell's Third Amended Complaint. Counts 1, 2, and 3 allege, based on 42 U.S.C. § 1983, violations of the Eighth Amendment of the United States Constitution. In Count 4, O'Donnell raises a claim based upon medical negligence. In Count 5, O'Donnell raises a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Finally, in Counts 6 and 7, O'Donnell alleges, based on 42 U.S.C. § 1983, that defendants violated the Fourteenth Amendment.

**PROCEDURAL HISTORY:**

Initially, the instant matter was assigned to United States Magistrate Judge J. Andrew Smyser. On November 2, 2009, O'Donnell filed a motion to withdraw her complaint against the Medical Defendants. (Rec. Doc. No. 153). On November 4, 2009, Magistrate Judge Smyser granted her request to withdraw these claims. (Rec. Doc. No. 154). In light of this withdrawal, defendants Prison Health Services, Johnson, Noel, Broatch, Prophette, Reed, Fabian, Bardell, Weisner, and Famiglio, referred to herein as the Medical Defendants, were dismissed from the suit.

On June 23, 2009, the Corrections Defendants filed a "Motion Pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss *Less Than All* the Claims Set Forth in Plaintiff's

Third Amended Complaint," as well as a brief in support. (Rec. Doc. Nos. 107 and 108). O'Donnell filed a brief opposing the motion to dismiss on October 28, 2009. (Rec. Doc. No. 152). The Corrections Defendants did not file a reply brief.

On December 31, 2009, Magistrate Judge Smyser issued a Report and Recommendation in which he granted in part and denied in part the Corrections Defendants' motion to dismiss. (Rec. Doc. No. 161). In his Report and Recommendation, Magistrate Judge Smyser recommended that O'Donnell's § 1983 claims for monetary damages as to Beard and Lamas be dismissed; however, the magistrate judge also recommended that O'Donnell's § 1983 claims for injunctive relief against Beard and Lamas in their official capacities not be dismissed. In addition, the magistrate judge recommended that those claims under the ADA against Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone, and Nicholas in their individual capacities be dismissed. On the other hand, it was also the magistrate judge's recommendation that those claims seeking injunctive relief under the ADA against Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone, and Nicholas in their official capacities not be dismissed.

On January 25, 2010, O'Donnell filed a motion for an extension of time in which to file her objections to Magistrate Judge Smyser's Report and Recomendation. (Rec. Doc. No. 163). We granted O'Donnell's motion, requiring

that she file her objections to the Report and Recommendation no later than February 1, 2010. (Rec. Doc. No. 164). On January 26, 2010, O'Donnell filed her objections. (Rec. Doc. No. 165).

In light of the above, the instant matter is now ripe for disposition. Because we agree with Magistrate Judge Smyser's thorough analysis and recommendation, and because we conclude that O'Donnell's objections to the Report and Recommendation are unavailing, we will adopt the Report and Recommendation in full. Therefore, we will grant the Corrections Defendants' motion to dismiss in part and deny it in part.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's Report and Recommendation to which a party objects. See Middle District Local Rule 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**A. O'Donnell's § 1983 Claims Against Beard and Lamas**

In his Report and Recommendation, Magistrate Judge Smyser recommended that this Court dismiss O'Donnell's § 1983 claims for monetary damages as to Beard and Lamas, while allowing to continue those § 1983 claims for injunctive relief against the two defendants in their official capacities. (Rec. Doc. No. 161 at

14).

O'Donnell's objections focus on the Corrections Defendants generally, as well as Beard and Day specifically. First, O'Donnell claims that the Corrections Defendants "have all had involvement in the plaintiffs [sic] day to day life and made decisions regarding her health, living quarters, ADA accomodations [sic] in which plaintiff requested assistance." (Rec. Doc. No. 165 at 1). Second, O'Donnell alleges that "Beard has worked his way up the chain to the Secretary of the Pennsylvania Department of Corrections and is in power to make things happen." Id. at 2. O'Donnell also alleges that "Beard signs all these policies and procedures as well as training manuals." Id. Third, O'Donnell makes a number of allegations as to defendant Day, a nurse at SCI-Muncy.

We conclude that O'Donnell's objections to the Report and Recommendation are unavailing. First, O'Donnell's general objection concerning all Corrections Defendants fails to alter our decision that the magistrate judge was correct in concluding that O'Donnell has failed to state a claim for damages against either Beard or Lamas upon which relief can be granted. Second, O'Donnell's more specific objection concerning Beard is similarly unavailing. In fact, in her objection, O'Donnell appears to concede that Beard was not personally involved in any alleged constitutional violations, noting that "[t]hough he was not involved

individually but he is officially." Id. Even so, Magistrate Judge Smyser has recommended that O'Donnell's § 1983 claims seeking injunctive relief against Beard and Lamas in their official capacities not be dismissed. Third, O'Donnell's apparent objections concerning defendant Day are moot; the Corrections Defendants' motion to dismiss currently at issue does not seek the dismissal of any claims against Day.

In light of the above, we will adopt the magistrate judge's recommendation that this Court dismiss O'Donnell's § 1983 claims for monetary damages as to Beard and Lamas and allow to go forward O'Donnell's § 1983 claims for injunctive relief against those two defendants in their official capacities.

## B. O'Donnell's ADA Claims Against Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone, and Nicholas

Magistrate Judge Smyser also recommended that this Court dismiss O'Donnell's claims under the ADA to the extent that she seeks relief against Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone, and Nicholas in their individual capacities. However, pursuant to the dictates of Koslow v. Pennsylvania, 302 F.3d 161, 179 (3d Cir. 2002) (concluding that "federal ADA claims for prospective injunctive relief against state officials are authorized by the Ex parte Young doctrine"), the magistrate judge recommended that O'Donnell's claims for

injunctive relief against the above officials in their official capacities be allowed to continue. (Rec. Doc. No. 161 at 14).

O'Donnell claims that the above defendants should "be held in their official capacities and it should be held for punitive damages that plaintiff was denied accomodation [sic] for 12 years and then only got worse as plaintiff requested ada accomodations [sic]." (Rec. Doc. No. 165 at 2). O'Donnell goes on to claim that her condition has continued to worsen and that the defendants have remained indifferent to this progression. Id. at 3. From this discussion, we fail to glean any substantive objection that O'Donnell has to the magistrate judge's recommendation concerning her ADA claims. The plain language of the ADA evinces an intent by Congress that the statute only apply to public entities, see 42 U.S.C. § 12132, and it is clear that the Ex parte Young doctrine allows for ADA claims to proceed against state officials in their official capacities when such claims are for prospective injunctive relief, see Koslow, 302 F.3d at 179. As such, we agree with the magistrate judge that O'Donnell's ADA claims against Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone, and Nicholas in their individual capacities should be dismissed, but that her ADA claims seeking prospective injunctive relief against these defendants in their official capacities should be permitted to continue.

**CONCLUSION:**

In light of the above, we will adopt in full Magistrate Judge Smyser's Report and Recommendation. (Rec. Doc. No. 161).

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLEY O'DONNELL, :

| | | |
|---|---|---|
| | : | 4:08-CV-00136 |
| Plaintiff, | : | |
| v. | : | (Judge McClure) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | (Magistrate Judge Smyser) |
| | : | |
| Defendants. | : | |

**ORDER**

February 2, 2010

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Smyser's Report and Recommendation is **ADOPTED IN FULL**. (Rec. Doc. No. 161).

2. The Defendants' Motion to Dismiss is **GRANTED** to the extent that Plaintiff's 42 U.S.C. § 1983 claims for monetary damages as to Beard and Lamas are **DISMISSED**.

3. The Defendants' Motion to Dismiss is **GRANTED** to the extent that Plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., against Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone, and Nicholas in their individual capacities are **DISMISSED**.

4. The instant matter is remanded to Magistrate Judge Smyser for further

proceedings.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge