```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLEY O'DONNELL,                  :    CIVIL NO. 4:08-CV-00136
                                   :
          Plaintiff                :    (Judge Conner)
                                   :
     v.                            :    (Magistrate Judge Smyser)
                                   :
PENNSYLVANIA DEPARTMENT OF         :
CORRECTIONS, et al.,               :
                                   :
          Defendants               :
```

**REPORT AND RECOMMENDATION**


I. Background and Procedural History.


On January 22, 2008, the plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint. The plaintiff's first amended complaint was filed on February 14, 2008. On April 21, 2008, the plaintiff filed a second amended complaint. On April 30, 2009, the plaintiff filed a third amended complaint.


The third amended complaint names twenty-three defendants. The defendants can be divided into two groups: 1) the corrections defendants (defendants Pennsylvania Department of

Corrections (DOC), Beard, Moore, Fultz, Torma, Fiske, Chamberlain, Bertone, Day, Diggan, Shepler, Nicholas and Lamas) and 2) the medical defendants (defendants Prison Health Services, Inc., Johnson, Noel, Rodriguez-Broatch, Bardell, Prophette, Reed, Fabian, Weisner and Famiglio).

The plaintiff alleges that she has been denied appropriate medical care and that her disabilities have not been accommodated. The third amended complaint contains seven counts. Counts 1 is a 42 U.S.C. § 1983 claim for compensatory damages based on the Eighth Amendment against the medical defendants and the following corrections defendants: Beard, Moore, Chamberlain, Lamas, Fiske, Diggan, Fultz, Torma, Shepler, Day and the DOC. Count 2 is a 42 U.S.C. § 1983 claim for punitive damages against the medical defendants (other than defendants Reed and Prison Health Services, Inc.) and the following corrections defendants: Chamberlain, Lamas, Fultz, Torma, Shepler, Day and the DOC. Count 3 is a 42 U.S.C. § 1983 claim for punitive damages based on the Eighth Amendment against defendant Prison Health Services, Inc. Count 4 is a medical negligence claim against defendants Day, Bardell, Rodriguez-Broatch, Prophette, Fabian, Weisner, Noel

and Famiglio. Count 5 is a claim under Title II of the Americans with Disabilities Act (ADA) against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone, Nicholas, Johnson, Famiglio and the DOC. Counts 6 is 42 U.S.C. § 1983 claim for compensatory damages based on the Fourteenth Amendment against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Nicholas, Bertone, Day and the DOC. Count 7 is 42 U.S.C. § 1983 claim for compensatory damages based on the Fourteenth Amendment against the medical defendants other than defendant Reed.

The plaintiff has withdrawn her claims against the medical defendants. *See Doc. 154.*

On June 23, 2009, the corrections defendants filed a motion to dismiss certain claims in the third amended complaint. On June 24, 2009, the corrections defendants also filed an answer to the third amended complaint. By an Order dated February 2, 2010, the plaintiff's 42 U.S.C. § 1983 claims for monetary

3

damages against defendants Beard and Lamas were dismissed[1] as were her ADA claims against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas in their individual capacities[2].

On August 25, 2010, the defendants[3] filed a motion for summary judgment, a statement of material facts pursuant to Local Rule 56.1, a brief and documents in support of their motion.

The plaintiff requested and received four extensions of time to respond to the defendants' motion for summary judgment. In her fourth request for an extension of time, the plaintiff indicated that that would be her final request for an extension.

---

[1] Although the § 1983 claims against defendants Beard and Lamas for monetary damages were dismissed, the § 1983 claims against defendants Beard and Lamas for prospective injunctive relief in their official capacities were not dismissed.

[2] Although the ADA claims against defendants Beard, Moore, Chamberlain, Fultz, Torma, Shepler, Diggan, Bertone and Nicholas in their individual capacities were dismissed, the ADA claims for prospective injunctive relief against those defendants in their officials capacities were not dismissed.

[3] Since the corrections defendants are the only remaining defendants, references to the defendants are references to the corrections defendants.

4

By an Order dated January 24, 2011, we granted the plaintiff's fourth request for an extension of time and ordered the plaintiff to respond to the summary judgment motion on or before March 1, 2011. We stated in that order that no further extension will be granted.

Despite her earlier representation that her fourth motion would be her final request for an extension of time, on February 17, 2011 the plaintiff filed a fifth request for an extension of time. In this motion, the plaintiff asserts that she needs more time or the appointment of counsel in order to obtain documents. Also on February 17, 2011, the plaintiff filed a separate motion for the appointment of counsel. That motion was the plaintiff's fourth motion for the appointment of counsel.

By an Order dated February 18, 2011, we denied the plaintiff's fifth motion for an extension of time in which to respond the defendants' motion for summary judgment. By an Order dated February 25, 2011, we denied the plaintiff's fourth motion for the appointment of counsel on the basis that we had previously tried to find counsel to represent the plaintiff in

this case but were unsuccessful and that there is no basis to believe that we could find counsel willing to represent the plaintiff in this case now.

The plaintiff has not filed a response to the defendants' statement of material facts or a brief in opposition to the defendants' motion for summary judgment. Although the plaintiff has failed to respond to the defendants' motion for summary judgment, from the record in this case we can not conclude that the plaintiff has abandoned this lawsuit. Accordingly, we will address the defendant's motion for summary judgment on the merits. However, since the plaintiff has not filed a response to the defendants' statement of material facts, pursuant to Local Rule 56.1 the material facts set forth by the defendants are deemed to be admitted.

II. Summary Judgment Standard.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed.R.Civ.P. 56(c).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most

favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgment "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning

9

an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

III. Discussion.

    Section 1983 Claims Against the DOC.

The defendants contend that the 42 U.S.C. § 1983 claims against the DOC should be dismissed because the DOC is not a person under § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). A state and its agencies are not persons within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). The DOC is a state agency. *See* 71 P.S. § 61. Therefore,

the DOC is not a person subject to suit under § 1983. Accordingly, the 42 U.S.C. § 1983 claims against the DOC should be dismissed.

Statute of Limitations.

The defendants contend that many of the plaintiff's claims are barred by the statute of limitations.

Neither 42 U.S.C. § 1983 nor Title II of the ADA contain an express statute of limitations. As to both, we borrow the statute of limitations of the most analogous state law cause of action. *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985)(Section 1983); *Disabled in Action of PA v. SEPTA,* 539 F.3d 199, 208 (3d Cir. 2008)(Title II of the ADA). "Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006). Similarly, the statute of limitations applicable to a claim under Title II of the ADA "is the statute of limitations for personal injury actions in the state in which the trial court sits."

11

*Disabled in Action, supra,* 539 F.3d at 208. The Pennsylvania statute of limitations for personal injury actions is two years. 42 Pa.C.S.A. § 5524; *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003). A cause of action accrues when the plaintiff knew or should have known of the injury upon which her action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998).

There is no basis to reasonably conclude that the plaintiff was not aware of her alleged injuries when they occurred. Accordingly, the plaintiff's § 1983 and ADA claims that accrued prior to January 22, 2006 (two years prior to the filing of the original complaint in this case) are barred by the statute of limitations.

Merits of Remaining Section 1983 Claims.

The plaintiff claims that the defendants have subjected her to cruel and unusual punishment by not providing her with appropriate medical care.

12

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order for the plaintiff to establish an Eighth Amendment medical care claim against a defendant she must establish that the defendant acted with deliberate indifference to her serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Deliberate indifference may be found in a variety of circumstances including

13

where a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, denies prescribed or recommended treatment or persists in a particular course of treatment "'in the face of resultant pain and risk of permanent injury.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle, supra,* 429 U.S. at 106. Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.

14

1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White, supra,* 897 F.2d at 110 (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

15

The plaintiff has not presented evidence to reasonably support an inference that any defendant was deliberately indifferent to the plaintiff's serious medical needs. Nor do the undisputed facts set forth by the defendants support such an inference. Accordingly, the defendants are entitled to summary judgment as to the plaintiff's Eighth Amendment claims.

The plaintiff claims that the defendants' actions constituted deliberate indifference to her serious medical needs in violation of the Fourteenth Amendment. She mentions the Due Process Clause and the Equal Protection Clause. The claim of deliberate indifference to serious medical needs is an Eighth Amendment claim rather than a due process claim. As set forth above, the defendants are entitled to summary judgment as to the plaintiff's Eighth Amendment claims.

The plaintiff has not presented evidence to establish an equal protection claim.

The equal protection clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General*, 81 F.3d 1235, 1267 (3d Cir. 1996)(quoting *City of Cleburn v. Cleburn Living Center*, 473 U.S. 432, 439 (1985)). In order to establish a viable equal protection claim a plaintiff must show an intentional or purposeful discrimination. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986).

The plaintiff has not presented evidence that she was treated differently than similarly-situated prisoners or that the defendants intentionally or purposefully discriminated against her. Accordingly, the defendants are entitled to summary judgment as to the plaintiff's equal protection claim.

Merits of Remaining ADA Claims.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

17

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As used in Title II of the ADA, "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service Act [49 USCS § 24102(4)])." 42 U.S.C. § 12131(a). State prisons fall squarely within the statutory definition of "public entity" in Title II of the ADA. *Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 210 (1998).

The plaintiff has not presented evidence to reasonably support an inference that the defendants discriminated against her because of a disability or excluded her from participation in or denied her the benefits of the services, programs or activities of the DOC. Nor do the undisputed facts set forth by the defendants support such an inference. Accordingly, the defendants are entitled to summary judgment as to the plaintiff's ADA claims.

18

Negligence Claim.

There is one remaining claim in the third amended complaint that was not addressed by the defendants in their motion for summary judgment - the negligence claim against defendant Day.

Because we are recommending that the defendants be granted summary judgment as to all of the remaining federal claims, the plaintiff's pendent state negligence claim against defendant Day should be dismissed. 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)(holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims).

IV. Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 177) for summary judgment be granted. It is recommended that summary judgment be entered in favor of the corrections defendants (Beard, Moore, Chamberlain, Lamas, Fiske, Diggan, Fultz, Torma, Shepler, Day and the DOC) as to the remaining federal claims. It is recommended that the court decline to exercise supplemental jurisdiction over the negligence claim against defendant Day. Finally, it is recommended that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: March 7, 2011.